UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
BENTSION and NAOMI COHEN,

                        Plaintiffs,

   -against-                                    12 Civ. 5828 (GWG)

UNITED STATES OF AMERICA,

                        Defendant.
------------------------------------------------------------------x

**PLAINTIFFS' POST-TRIAL REPLY BRIEF**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………....…………... 3

INTRODUCTION……………………………………………………………..……………4

THE DISTINCTION BETWEEN A "DWELLING UNIT" AND A "PRINCIPAL RESIDENCE" ………………………………………………………………………….4

PLAINTIFFS' SON'S USE OF APARTMENT 8C CONSTITUTES ACTUAL OCCUPANCY OF APARTMENT 8C BY PLAINTIFFS…………………….....……..5

THE AMOUNTS THAT DAVID COHEN PAID HIS MOTHER, PLAINTIFF NAOMI COHEN, RELATED TO APARTMENT 8C ARE ONLY DETERMINATIVE IF THE AMOUNTS PAID EQUAL FAIR RENTAL…………………..…………………….6

THE SUBSTANTIAL AUTHORITY EXCEPTION TO THE ACCURACY-RELATED SUBSTANTIAL UNDERSTATEMENT PENALTY……………………………….7

CONCLUSION……………………………………………………………………….8

# TABLE OF AUTHORITIES

**Cases**

*Poague v. United States,* 66 A.F.T.R.2d (RIA) 5825, 1990 WL 127016
(E.D. Va. 1990) aff'd 947 F.2D 942 (4th Cir. 1991)............................................5
*Jackson v. Commissioner*, TC Memo 1999-226................................................7

**Statutes**

IRC §121...........................................................................................4,5,7,8
IRC §280A(d)(3)(A)....................................................................................6
IRC §6662(d)(2)(B)....................................................................................7

**Regulations**

Treas. Reg. §1.121-1(e) Example (4)..............................................................4
Treas. Reg. §1.121-1(b)(2)(ii).......................................................................5

**Revenue Procedures**

Rev. Proc. 2005-14, 2005-1 CB 528...............................................................5

## Introduction

Plaintiffs respectfully submit this Post-Trial Reply Brief in response to Defendant's Proposed Findings of Fact and Conclusions of Law.

Defendant continues to misstate the distinction between a "Dwelling Unit" and a "Principal Residence." Defendant argues that Plaintiffs must actually occupy Apartment 8C, but Defendant ignores the fact that there was actual occupancy of the apartment when the plaintiffs' son and his family lived in and occupied Apartment 8C because their occupancy of Apartment 8C is attributed to Plaintiffs. Further, Defendant has failed to introduce any evidence or even present any argument based on the facts in evidence that the amount that David Cohen paid his mother represents fair rental for Apartment 8C. Defendant in arguing that the substantial understatement penalty is appropriate failed to consider that the accuracy-related substantial understatement penalty is not imposed on items for which there is substantial authority for the taxpayers' position.

### The Distinction between a "Dwelling Unit" and a "Principal Residence"

IRC §121 excludes a gain from the sale of a person's principal residence, not his principal dwelling unit. As previously stated, Treas. Reg. §1.121-1(e) Example (4) describes a principal residence that contains more than one dwelling unit and further explains that even though one of the dwelling units may have been used as rental property for part of the five years, it may still be combined with the remaining residential portion of the residence to form one principal residence, if the dwelling unit is converted to personal residential use and such use satisfies the two year requirement. In such case,

all of the dwelling units (including the previously rented one) will qualify as one principal residence for gain exclusion under IRC §121. Defendant refuses to acknowledge that a principal residence may contain more than one dwelling unit, and that Apartments 8A and 8C together may constitute one principal residence. Further, there is no requirement that to constitute one principal residence the Apartments have an interior connection.[1]

**Plaintiffs' Son's Use of Apartment 8C Constitutes Actual Occupancy of Apartment 8C by Plaintiffs**

Plaintiffs' son's use of Apartment 8C was clearly an actual occupancy since indisputably he and his family lived in the apartment. This occupancy is attributed to Plaintiffs under Treas. Reg. §1.121-1(b)(2)(ii). Defendant claims that Treas. Reg. §1.121-1(b)(2) is not relevant in determining whether Plaintiffs used Apartment 8C as their principal residence because this regulation is used to determine a principal residence when the taxpayer uses more than one property as a residence. This argument is disingenuous since Defendant has consistently relied on portions of this regulation, and some of the factors listed in it, throughout this case. Factor (iv) is the mailing address that the taxpayer used for bills and correspondence. Defendant has relied on this factor consistently to try to show that the Plaintiffs did not use Apartment 8C as their principal residence. However, Defendant has consistently sought to ignore Factor (ii), the

---

[1] *Poague v. United States,* 66 A.F.T.R.2d (RIA) 5825, 1990 WL 127016 (E.D. Va. 1990), aff'd 947 F.2D 942 (4th Cir. 1991), favorably cited by the IRS in Rev. Proc. 2005-14, 2005-1 CB 528.

principal abode of the taxpayer's family.  Clearly Factor (ii) is at least as relevant and in this case, more relevant than the other factors listed.

**The Amounts That David Cohen Paid His Mother, Plaintiff Naomi Cohen, Related To Apartment 8C Are Only Determinative If The Amounts Paid Equal Fair Rental**

  The arrangement the Plaintiffs and their son had was a New York City version of a mother/daughter house in the suburbs only in this instance they were in adjoining apartments.  Defendant sought to disqualify this arrangement by bringing in inapplicable hypotheticals such as an apartment on another floor or an apartment blocks away.  This is not the situation here.  The Apartments were in the same building, on the same floor and were adjacent.  Plaintiffs have conceded that if David Cohen and his family used Apartment 8C as their principal residence and paid Naomi Cohen fair rental, their use of Apartment 8C would not be attributed to Plaintiffs, citing by analogy IRC §280A(d)(3)(A).  Defendant argues that IRC §280A(d)(3)(A) is inapplicable, without proposing any alternative test.  If David Cohen had made no payments regarding Apartment 8C to his mother, would Defendant still argue that David Cohen's occupancy of Apartment 8C was not relevant?  Plaintiffs concede that the payments are relevant and believe that the line between payments that do not taint the attribution and those that taint the attribution is found at fair rental, the same line that Congress chose to apply when the attribution rules involved the use of a vacation home by family members.

  Defendant has proposed no viable alternative rule and has not even provided any evidence to contradict the evidence that Plaintiffs have provided to show that the amount David Cohen paid his mother was less than fair rental.  Fair rental is no

less than $3,200, the amount that the previous tenants of Apartment 8C paid to Plaintiffs. Since the time that the previous rent was set, rents in NYC increased on average by around 8.7%.[2] Thus, even if David Cohen's payments to Naomi Cohen are considered as rent, they are not fair rental since they are below market rent. This is true when the payment was $3,000 a month, and certainly is true when the payment was reduced to $2,600 a month.[3] Whether both the $3,000 per month and the $2,600 per month payments are below fair rental or only the $2,600 month payments are below fair rental, Plaintiffs have enough months of personal use of Apartment 8C to qualify for the $500,000 exclusion under IRC § 121.

## The Substantial Authority Exception To The Accuracy-Related Substantial Understatement Penalty

Defendant in arguing that the substantial understatement penalty is appropriate failed to consider that the accuracy-related substantial understatement penalty is not imposed where there is substantial authority for the taxpayers' position. IRC §6662(d)(2)(B) provides that the amount of the understatement shall be reduced by the portion of the understatement where there is substantial authority for such treatment. Substantial authority exists if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment. Clearly the authorities supporting Plaintiffs' position are substantial in relation to the weight of

---

[2] US Department of Labor, Bureau of Labor Statistics, Consumer Price Index, New York-Northern New Jersey-Long Island 2000 and 2002, Plaintiffs' Exhibit 3.
[3] See *Jackson v. Commissioner*, TC Memo 1999-226, where the Court held that fair rental was $600 per month and $500 per month was not fair rental.

authorities supporting contrary treatment.[4]

## Conclusion

For the reasons stated herein and in all the previous documents filed on behalf of the Plaintiffs with the Court in this action, the Court should find that Plaintiffs qualified for a $500,000 exclusion under IRC §121 and that no accuracy related penalty should be imposed.

Dated: Scarsdale, New York
December 9, 2013

Respectfully submitted,

_____
Alan J. Garfunkel, Esq.
Law Office of Alan J. Garfunkel LLC
63 Lincoln Road
Scarsdale, New York 10583
Tel: (212) 888-7300
Fax: (212) 888-7306

---

[4] The parties have stipulated that, once the Court has decided the issues currently before the Court, the calculation of Plaintiffs' actual income tax owed will be initially performed by the IRS and then reviewed by the Plaintiffs and the Court.